## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**DEBBIE CAMPBELL,**

    **Plaintiff,**

**v.**                         **CASE NO.:**

**HCA, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Debbie Campbell, by and through undersigned counsel, brings this action against Defendant, HCA, Inc., and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Charlotte County, Florida.

### PARTIES

4. Plaintiff is a resident of Charlotte County, Florida, and she worked in Charlotte County for Defendant.

5. Defendant operates a hospital in Charlotte County, Florida.

## <u>GENERAL ALLEGATIONS</u>

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and retaliated against Plaintiff for exercising these same rights.

10.     At the time of these events, Plaintiff was an employee of Defendant, and he worked at least 1250 hours in the 12 months preceding his request for leave under the FMLA.

11.     Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

12.     Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

13.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

14.     At all times material hereto, Defendant employed fifteen (15) or more employees.  Thus, Defendant is an "employer" within the meaning of the ADA.

15.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

## <u>FACTS</u>

16.     Plaintiff began working for Defendant on or around January 2014.

2

17.     In 2020, Plaintiff was diagnosed with Shingles, and requested leave due this serious medical condition.

18.     Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

19.     In this instance, Defendant did not provide Plaintiff with any information regarding FMLA.

20.     Plaintiff was on leave for four weeks in 2020 due to her serious medical condition.

21.     On or around April 2021, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA.

22.     Specifically, Plaintiff fractured her hand in three places. Plaintiff was required to wear a brace and receive physical therapy for her injury.

23.      On or about May 2021, Plaintiff sought leave to care for herself.

24.     However, in this instance Defendant did not provide Plaintiff with any information regarding FMLA.

25.     Instead, Defendant provided Plaintiff with forms for Short Term Disability.

26.     Plaintiff attempted to return to work but would require accommodations for her hand.

27.     Defendant denied Plaintiff's accommodation request and reused to allow her to return to work "unless [she] could lift fifty pounds".

28.     Plaintiff was willing and able to work in any capacity for the hospital that her accommodations would allow, however Defendant refused, and told Plaintiff that "[she] was done with HCA".

3

29.    On or about August 2021, Plaintiff's employment was terminated for absences that should have been protected by the FMLA.

30.    Plaintiff exercised her rights under the FMLA by requesting leave.

31.    By not providing her with FMLA information and, ultimately terminating her employment, Defendant violated Plaintiff's rights under the FMLA.

## COUNT I – FMLA INTERFERENCE

32.    Plaintiff realleges and readopts the allegations of paragraphs 1-8, 9-12, 16-25, and 29-31 of this Complaint, as fully set forth herein.

33.    Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

34.    By failing to provide her with FMLA information and ultimately terminating her employment for absences, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

35.    Defendant's actions were willful and done with malice.

36.    Plaintiff was injured due to Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)    That this Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)    An injunction restraining continued violation of the FMLA by Defendant;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits, or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

37.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1-8, 9-12, 16-25, and 29-31 of this Complaint, as fully set forth herein.

38.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

39.     Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

40.     Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

41.     Defendant's actions were willful and done with malice.

5

42.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     That this Court enter a judgment that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant ;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT III—ADA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

43.     Plaintiff realleges and readopts the allegations of Paragraphs 1-8, 13-14, and 26-28 of this Complaint, as though fully set forth herein.

44.    Plaintiff is disabled or was perceived by Defendant as being disabled.

45.    Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter terminated her employment.

46.    Defendant's actions were willful and done with malice.

47.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

### COUNT IV – ADA RETALIATION

48.    Plaintiff realleges and readopts the allegations of paragraphs 1-8, 13-14, and 26-28 of this Complaint, as though fully set forth herein.

49.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

50.    Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

51.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

52.    Defendant's actions were willful and done with malice.

53.    The adverse employment action that Defendant took against Plaintiff was material.

54.    Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)  That this Court enter an injunction restraining continued violation of the ADA;

e)  Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)  Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)  Any other compensatory damages, including emotional distress, allowable at law;

i)  Punitive damages;

j)  Prejudgment interest on all monetary recovery obtained.

k)  All costs and attorney's fees incurred in prosecuting these claims; and

l)  For such further relief as this Court deems just and equitable.

### COUNT V – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

55.     Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15, and 26-28 of this Complaint, as though fully set forth herein.

56.     Plaintiff is a member of a protected class under the FCRA.

57.     Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

58.     Defendant's actions were willful and done with malice.

8

59.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

### COUNT VI—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

63. Plaintiff realleges and readopts the allegations of paragraphs 1-8, 15, and 26-28 of this Complaint, as though fully set forth herein.

64. Plaintiff has a handicap or was perceived by Defendant as having a handicap.

65. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

66. Defendant's actions were willful and done with malice.

67. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

  a) A jury trial on all issues so triable;

  b) That process issue and that this Court take jurisdiction over the case;

  c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

  d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

  e) Any other compensatory damages, including emotional distress, allowable at law;

  f) Punitive damages;

  g) Prejudgment interest on all monetary recovery obtained.

  h) All costs and attorney's fees incurred in prosecuting these claims; and

  i) For such further relief as this Court deems just and equitable.

## <u>COUNT VII – FCRA RETALIATION</u>

68. Plaintiff realleges and readopts the allegations paragraphs 1-8, 15, and 26-28 of this Complaint, as though fully set forth herein.

69. Plaintiff is a member of a protected class under the FCRA.

70. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

71. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

10

72.   Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant, and further refused to consider Plaintiff for other open positions.

73.   Defendant's actions were willful and done with malice.

74.   Defendant took material adverse action against Plaintiff.

75.   Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e)   Any other compensatory damages, including emotional distress, allowable at law;

f)   Punitive damages;

g)   Prejudgment interest on all monetary recovery obtained.

h)   All costs and attorney's fees incurred in prosecuting these claims; and

i)   For such further relief as this Court deems just and equitable.

11

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 20th day of January 2023.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AFRICA F. ALTIDOR**
Florida Bar Number: 124595
Direct Dial: 813-321-4085
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aaltidor@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**

12